UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Toran Peterson,

                Plaintiff,        Case No. 23-13007

v.                                     Judith E. Levy
                                    United States District Judge

Unknown Kiptin, et al.,
                                    Mag. Judge Kimberly G. Altman

                Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT FULL PREPAYMENT OF FEES [2], DISMISSING THE COMPLAINT WITHOUT PREJUDICE, AND DENYING PLAINTIFF'S MOTIONS [3, 6, 7] AS MOOT**

Plaintiff Toran Peterson, who is presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed without prepayment of fees or costs. (ECF No. 2.) *See also* 28 U.S.C. § 1915(a)(1). Plaintiff sues six Michigan Department of Corrections ("MDOC") employees for alleged violations of the First Amendment, Fourteenth Amendment Equal Protection Clause, and various state law claims. (*See* ECF No. 1, PageID.1–2.) Upon review of

Plaintiff's complaint and his litigation history in the federal courts, the Court concludes that his case must be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).[1]

## I. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), an incarcerated plaintiff may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. Often referred to as the "three-strikes rule," the PLRA bars an incarcerated plaintiff from proceeding without prepaying the filing fee if they have had three or more complaints dismissed by a federal court for being frivolous or malicious or for failing to state a claim. 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 590 U.S. 595, 597–98 (2020). However, the rule does not apply if an incarcerated plaintiff plausibly alleges that they are "under imminent danger of serious physical injury." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019). If a district court "denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision," then "the proper procedure is for the district court to dismiss the complaint without prejudice." *Cary v. Babyack*, No.

---

[1] The Court apologizes to Plaintiff for the delay in addressing his application.

2

24-10410, 2024 WL 1676802, at *2 (E.D. Mich. Apr. 18, 2024) (citations omitted).

## II. Analysis

In his complaint, Plaintiff indicates that he has "filed seventeen (17) lawsuits while . . . in prison." (ECF No. 1, PageID.1). While Plaintiff does not specifically identify these cases, the court may take judicial notice of a plaintiff's prior dismissals to determine whether § 1915(g) applies. *Cf. Taylor v. United States*, 161 F. App'x. 483, 485–86 (6th Cir. 2005). Here, the relevant records from the Eastern District of Michigan and the Western District of Michigan reveal that Plaintiff has filed at least four prior complaints that have been dismissed for failure to state a claim on which relief could be granted. *See Peterson v. Washington,* No. 1:23-CV-894, 2023 WL 6427160, at *6 (W.D. Mich. Oct. 3, 2023); *Peterson v. Will*, No. 1:23-CV-11769, 2023 WL 5250505, at *2 (E.D. Mich. Aug. 15, 2023); *Peterson v. Young*, No. 23-cv-11493, 2023 WL 5154486, at *4 (E.D. Mich. Aug. 10, 2023); *Peterson v. Shaw*, No. 1:13-cv-903, 2013 WL 5322632, at *6 (W.D. Mich. Sept. 20, 2013). Accordingly, the Court concludes that Plaintiff has three-strikes under § 1915(g). As such,

3

Plaintiff may not proceed without prepaying the filing fee unless the imminent-danger exception applies.

To satisfy the imminent-danger exception, an incarcerated plaintiff must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 585 (6th Cir. 2013) (alteration in original) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). "[T]he threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Id.* (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). Further, "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham*, 938 F.3d at 850.

In his complaint, Plaintiff alleges that Defendants falsified misconduct tickets against him in retaliation for filing grievances regarding his shower time and other issues. (ECF No. 1, PageID.2.) He also claims that he is experiencing discrimination and harassment by Defendants. (*Id.*) Nevertheless, Plaintiff does not allege that he is being

4

threatened with a real and proximate danger of serious physical injury. (*See id.*) As such, Plaintiff's complaint does not fall within the imminent-danger exception to the three-strikes rule. Accordingly, Plaintiff may not proceed without prepaying the filing fee.

### III. Conclusion

For the reasons set forth above, Plaintiff's application for leave to proceed without prepayment of the filing fee (ECF No. 2) is DENIED pursuant to the three-strikes provision of 28 U.S.C. § 1915(g).

The complaint is DISMISSED WITHOUT PREJUDICE. Because the Court's dismissal is without prejudice, Plaintiff may refile this action, but he will be required to pay the $350.00 filing fee and $52.00 administrative fee pursuant in full at the time of filing. *See* 28 U.S.C. § 1914. Plaintiff's motions to exclude the case from the early mediation program (ECF Nos. 3, 6) and motion for the complaint to be served (ECF No. 7) are DENIED as MOOT.

Finally, the Court certifies that any appeal from this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

5

Dated: July 25, 2024　　　　　　　　s/Judith E. Levy  
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY  
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 25, 2024.

　　　　　　　　　　　　　　　　　s/William Barkholz  
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ  
　　　　　　　　　　　　　　　　　Case Manager